UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE HERNANDEZ; KEITH GURGUI; RASHETA BUNTING; KAREN LUXTON GOURGEY, ED.D; DISABILITY RIGHTS NEW YORK; NATIONAL FEDERATION OF THE BLIND OF NEW YORK STATE, INC.; AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC.; and CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, | CASE NO: 1:20-cv-4003 (LJL)<br><br>**STIPULATION OF SETTLEMENT AND ORDER FOR THE WITHDRAWAL OF THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Plaintiffs, | |
| -against- | |
| THE NEW YORK STATE BOARD OF ELECTIONS, DOUGLAS A. KELLNER, Co-Chair and Commissioner, ANDREW SPANO, Commissioner, PETER S. KOSINSKI, Co-Chair and Commissioner, TODD D. VALENTINE, Co-Executive Director, and ROBERT A. BREHM, Co-Executive Director, in their official capacities at the New York State Board of Elections. | |
| Defendants. | |

**WHEREAS,** Plaintiffs filed a Complaint dated May 22, 2020, alleging that Defendants' Absentee Voting program is inaccessible to individuals with disabilities and therefore in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794 (Dkt. 1); and

**WHEREAS** on May 27, 2020, Defendant New York State Board of Elections ("NYSBOE") adopted a number of measures toward improving access to absentee ballots including but not limited to providing an accessible request form and instructions on its website

and providing directions to county boards of election concerning accessible absentee ballots;

**WHEREAS,** the parties are interested in resolving the issues raised in Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order ("PI/TRO Motion") regarding the June 23, 2020 Elections (Dkt. 8), and have negotiated in good faith for that purpose; and

**WHEREAS,** the parties intend to resolve matters addressed in the PI/TRO Motion, exclusively; and

**WHEREAS,** nothing in this Stipulation shall be deemed an admission by either party and the parties further agree that this Stipulation is without precedential value, and without prejudice to the assertion of any claims, arguments, contentions and defenses whether or not otherwise alleged in the Complaint; and

**WHEREAS,** none of the parties is an infant or incompetent person;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties and their respective counsel as followed:

1. Defendants agree to instruct county boards of elections to provide by email an accessible fillable PDF absentee ballot ("accessible absentee ballot") to voters who have a disability that prevents them from privately and independently using a paper absentee ballot.

2. Defendants agree to announce the new accessible absentee ballot program in a press release and on the NYSBOE website by June 3, 2020.

3. Defendants agree to issue written mandatory instructions on or before Wednesday, June 3, 2020 that comprehensively instruct county boards of elections how to 1) provide the accessible absentee ballot request form on their respective websites, 2) process accessible absentee ballot requests, and 3) deliver and receive accessible absentee ballots. These written mandatory instructions to all county boards of elections will include a copy of this

Stipulation.

4. Defendants agree to ensure that county boards of election begin to process accessible absentee ballot requests on or before Friday, June 5, 2020.

5. Defendants agree that voters may submit the accessible absentee ballot request form via United States mail, fax or email. If a county board of elections chooses to create an html webform for absentee ballot requests that includes the accessibility component, Defendants agree such format is acceptable.

6. Defendants agree that voters may submit an electronic request for an accessible absentee ballot at any time up until June 16, 2020, seven (7) days prior to the June 23, 2020 Elections.

7. Defendants agree that a typed or electronic signature is an acceptable signature on the absentee ballot request form. The form of the accessible absentee ballot application shall be as provided in Exhibit "A" and its associated metadata, as provided to Plaintiffs by Defendants on June 2, 2020, at 2:05 p.m.

8. Defendants agree that the form to request an accessible ballot and instructions for submitting the same or otherwise requesting an accessible absentee ballot shall be available on the website of the NYSBOE in an accessible format by no later than June 3, 2020.

9. The accessible absentee ballot application form and instructions shall be made available on the front page of the NYSBOE's website, as well as in the "Absentee Voting" and "Meeting Voter Access Needs" sections of the NYSBOE's website.

10. Defendants agree to instruct county boards of elections to make available to the voter an accessible absentee ballot "as soon as practicable" upon the voter's request, pursuant to N.Y. Election Law § 8-406.

11. Defendants agree that upon receipt of a voter's request for an accessible absentee ballot, county boards of elections or their agents will, pursuant to mandatory directive of the NYSBOE, generate a ballot that is screen readable using common assistive technology, such as Job Access with Speech "JAWS" software, Apple VoiceOver, and Android TalkBack, which shall include insertion of tags and fillable objects so that it can be completed independently and privately by the requesting individual using standard, accessible technology, namely a screen reader program. The accessible absentee ballot shall meet WCAG 2.0 AA standards for a PDF.

12. Defendants agree that it will instruct county boards of elections that the ballot will be accompanied with accessible instructions on how to return the ballot, including instructions to place the ballot in an envelope and sign the back of the envelope. Defendants will further instruct county boards of elections that a postage paid envelope and oath envelope will be provided by mail to voters who request an accessible absentee ballot any day up until June 16, 2020, seven (7) days prior to the June 23, 2020 Primary Election.

13. Defendants shall ensure that an envelope template that can be printed shall be provided by email to all voters who request an accessible absentee ballot. To the extent practicable, the accessible absentee ballot and electronically provided envelopes shall be in the same general form as provided to UOCAVA voters.

14. Defendants agree to instruct county boards of election to accept a signature anywhere on the absentee ballot envelope.

15. Defendants agree that the attestation on the accessible ballot oath envelope will be the same as the paper ballot oath envelope.

16. Defendants agree that upon completion of the ballot, the voter may return the printed accessible absentee ballot using the United States Postal Service or hand delivery to the

county board of elections.

17. Defendants agree that submission deadlines for accessible absentee ballots shall be the same as for paper absentee ballots.

18. Defendants agree that any accessible absentee ballot requested, completed, and returned pursuant to this Stipulation shall be canvassed in accordance with N.Y. Election Law.

19. Defendants agree that this Stipulation pertains only to the June 23, 2020 Primary Election, and that this Stipulation does not apply to any subsequent elections or resolve issues that may remain in Plaintiffs' Complaint.

20. Within 45 days after the June 23, 2020 Primary Election, Defendants shall publish a publicly-available report containing the following information:

   a. The number of individuals with disabilities who requested an accessible absentee ballot;

   b. The number of individuals who were provided an accessible absentee ballot; and

   c. Descriptions of any complaints or feedback received from voters with disabilities regarding accessible absentee ballots and descriptions of how any complaints were resolved.

21. In consideration for entering into this Stipulation, Plaintiffs hereby agree to withdraw their PI/TRO Motion.

22. The parties agree that the Court shall have authority to enforce this Stipulation and to resolve disputes that arise under it.

23. This Stipulation embodies the entire agreement of the parties as it relates to the PI/TRO Motion.

Dated: June 2, 2020

*[signature]*

Amanda B. Pearlstein
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
Phone: 518-512-4841
Fax: 518-427-6561 (not for service)
Amanda.Pearlstein@drny.org

*[signature]*
Christina Brandt-Young
 DISABILITY RIGHTS ADVOCATES
 655 Third Avenue, 14th Floor
 New York, NY 10017
 Tel: (212) 644-8644
 Fax: (212) 644-8636
cbrandt-young@dralegal.org

*[signature]*
Eve Hill
Brown Goldstein & Levy, LLP
120 E. Baltimore Street, #1700
Baltimore, MD, 21202
Tel.: (410) 962-1030
Fax: (410) 385-0869
EHill@browngold.com

*Attorneys for Plaintiffs*



NEW YORK STATE BOARD OF ELECTIONS

By:_____


 By:_____

Todd. D. Valentine Co-Executive Director
Robert A. Brehm Co-Executive Director
New York State Board of Elections
40 North Pearl Street -Floor 5
Albany, New York 12207

(518) 474-6367

Dated:   June 2, 2020

Amanda B. Pearlstein
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
Phone:  518-512-4841
Fax:  518-427-6561 (not for service)
Amanda.Pearlstein@drny.org

Christina Brandt-Young
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax:  (212) 644-8636
cbrandt-young@dralegal.org

Eve Hill
Brown Goldstein & Levy, LLP
120 E. Baltimore Street, #1700
Baltimore, MD, 21202
Tel.: (410) 962-1030
Fax: (410) 385-0869
EHill@browngold.com

*Attorneys for Plaintiffs*

NEW YORK STATE BOARD OF ELECTIONS

By: _____

By: _____

Todd. D. Valentine Co-Executive Director
Robert A. Brehm Co-Executive Director
New York State Board of Elections
40 North Pearl Street -Floor 5
Albany, New York 12207

(518) 474-6367

6

LETITIA JAMES
Attorney General, State of New York
<u>Attorney for Defendants</u>

By: _____/s/ Seth J. Farber_____ .
Seth J. Farber
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8029
Seth.Farber@ag.ny.gov


**SO ORDERED:**

IT IS FURTHER ORDERED that the conference previously set for June 4, 2020 is CANCELLED.

_____
Honorable Lewis J. Liman
United States District Judge

Dated: New York, New York

June 2, 2020

7