UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE HERNANDEZ; KEITH GURGUI; RASHETA BUNTING; KAREN LUXTON GOURGEY, ED.D; DISABILITY RIGHTS NEW YORK; NATIONAL FEDERATION OF THE BLIND OF NEW YORK STATE, INC.; AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC.; and CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, | CASE NO: 1:20-cv-4003 (LJL)  **ANSWER** |

                                  Plaintiffs,

                -against-


THE NEW YORK STATE BOARD OF
ELECTIONS, DOUGLAS A. KELLNER,
Co-Chair and Commissioner, ANDREW
SPANO, Commissioner, PETER S.
KOSINSKI, Co-Chair and Commissioner,
TODD D. VALENTINE, Co-Executive
Director, and ROBERT A. BREHM, Co-
Executive Director, in their official capacities
at the New York State Board of Elections.

                                  Defendants.

---

Defendants New York State Board of Elections ("SBOE"), Douglas A. Kellner, Co-Chair

and Commissioner, Andrew Spano, Commissioner, Peter S. Kosinski, Co-Chair and

Commissioner, Todd Valentine, Co-Executive Director, and Robert Brehm, Co-Executive

Director, in their official capacities at the New York State Board of Elections (collectively,

"Defendants")[1] by their attorney, LETITIA JAMES, Attorney General of the State of New York,

---

[1] To the extent that Defendants Kellner, Spano, Kosinki, Valentine and Brehm are sued solely in their official capacities, see Compl. ¶¶ 45-49, this Answer represents the cumulative institutional knowledge of Defendant SBOE at the time of this Answer as ascertained through the review of records maintained in the ordinary course of its business and discussions with knowledgeable

as and for their Answer, respond as follows to the Complaint dated May 22, 2020 [Dkt. 1] (the

"Complaint"):

    1.    Defendants deny the allegations contained in Paragraph 1, except admit that

Plaintiffs purport to bring this action pursuant to the cited statutes.

    2.    Defendants deny that New York State has more than one third of confirmed

domestic Covid-19 related deaths, and otherwise admit the allegations contained in Paragraph 2.

    3.    Defendants admit the allegations contained in paragraph 3.

    4.    Defendants deny the allegations contained in Paragraph 4.

    5.    Defendants deny the allegations contained in Paragraph 5, except deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations concerning

Plaintiffs' alleged disabilities.

    6.    Defendants deny the allegations contained in Paragraphs 6-7.

    7.    With respect to the allegations contained in Paragraph 8, Defendants refer to the

constitutional and statutory provisions cited therein as the best evidence of their contents and

meaning, and deny to the extent inconsistent therewith.

    8.    Defendants admit the allegations contained in Paragraph 9, and affirmatively state

that Defendant SBOE currently provides an accessible ballot enabling absentee voting at home.

    9.    Defendants deny the allegations contained in Paragraph 10.

    10.    No response is required to the allegations contained in Paragraphs 11-14 to the

extent they constitute conclusions of law. To the extent a response is required, Defendants deny

the allegations contained in Paragraphs 11-14, except admit that Plaintiffs purport to claim

jurisdiction and venue governing this action pursuant to the cited statutes.

---

SBOE officials and employees.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 15-40, except admit that Plaintiffs Hernandez, Gurgui, Bunting and Gourgey are registered to vote in the State of New York.

12.     With respect to the allegations contained Paragraphs 41 and 42, Defendants refer to the applicable provisions of New York's Election Law setting forth the duties and responsibilities of the SBOE as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

13.     Defendants admit the allegations contained in Paragraphs 43-49.

14.     With respect to the allegations contained in Paragraph 50, Defendants refer to the applicable provisions of New York's Election Law governing absentee ballots as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

15.     Defendants admit the allegations contained in Paragraph 51.

16.     With respect to the allegations contained in Paragraphs 52-55, Defendants refer to the Executive Orders referenced therein as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56.

18.     With respect to the allegations contained in Paragraphs 57-59, Defendants refer to the Executive Order referenced therein as the best evidence of its contents and meaning, and deny to the extent inconsistent therewith.

19.     Defendants deny the allegations contained in Paragraph 60-62.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63.

21.     Defendants admit the allegations contained in Paragraph 64.

22.     Defendants deny the allegations contained in Paragraph 65.

23.     Defendants admit the allegations contained in Paragraph 66.

24.     Defendants deny the allegations contained in Paragraph 67.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68.

26.     Defendants deny the allegations contained in Paragraphs 69-71.

27.     Defendants deny the allegations contained in Paragraphs 72-73, and affirmatively state that Defendant SBOE currently provides an accessible ballot enabling absentee voting at home.

28.     With respect to the allegations contained in Paragraph 74, Defendants refer to the applicable provisions of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C. § 20301 *et. seq.*, Pub. Law 111, as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

29.     Defendants admit the allegations contained in Paragraph 75.

30.     Defendants deny the allegations contained in paragraph 76.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 77-81, and affirmatively state that accessible absentee ballots enabling absentee voting at home are currently available to New York voters, including for the June 23, 2020 primary election.

32.     Defendants admit the allegations contained in Paragraph 82.

33.     Defendants deny the allegations contained in Paragraphs 83-86.

34.     Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraphs 87-91.

35.     Defendants admit the allegations contained in Paragraph 92.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 93-96.

37.     With respect to the allegations contained in Paragraphs 97-100, Defendants refer to the letters cited therein as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

38.     Defendants deny the allegations contained in Paragraph 101, and affirmatively state that Defendant SBOE advised that it was also working on a solution to the issue of "at home" accessible absentee balloting, and that, as an alternative and pursuant to the Governor's Executive Orders, accessible voting with ballot marking devices was and remains available in each county's board of elections office.

39.     Defendants deny the allegations contained in Paragraph 102.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 103-129.

41.     Defendants deny the allegations contained in Paragraph 130.

**AS TO THE FIRST CLAIM FOR RELIEF**

42.     As to the allegations contained in Paragraph 131, Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 130 as if set forth at length herein, and deny to the extent otherwise necessary.

43.     With respect to the allegations contained in Paragraphs 132-138, Defendants refer to the applicable statutes and regulations cited therein as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

44.     Defendants admit the allegations contained in Paragraph 139.

45.      Defendants deny the allegations contained in Paragraph 140, and affirmatively state that many services pertaining to absentee balloting are handled by county boards of elections.

46.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 141-144.

47.      Defendants deny the allegations contained in Paragraph 145, and affirmatively state that accessible absentee ballots enabling absentee voting at home are currently available to New York voters who request them.

48.      Defendants deny the allegations contained in Paragraphs 146 and 147.

49.      Defendants deny the allegations contained in Paragraph 148, and affirmatively state that accessible absentee ballots enabling absentee voting at home are currently available to New York voters who request them.

50.      Defendants deny the allegations contained in Paragraphs 149-152.

**AS TO THE SECOND CLAIM FOR RELIEF**

51.      As to the allegations contained in Paragraph 153, Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 152 as if set forth at length herein, and deny to the extent otherwise necessary.

52.      With respect to the allegations contained in Paragraphs 154-157, Defendants refer to the applicable statutes and regulations cited therein as the best evidence of their contents and meaning, and deny to the extent inconsistent therewith.

53.      Defendants admit the allegations contained in Paragraph 158 and 159.

54.      Defendants deny the allegations contained in Paragraph 160, and affirmatively state that many services pertaining to absentee balloting are handled by county boards of elections.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 161-164.

56.     Defendants deny the allegations contained in Paragraph 165, and affirmatively state that accessible absentee ballots enabling absentee voting at home are currently available to New York voters who request them.

57.     Defendants deny the allegations contained in Paragraphs 166 and 167.

58.     Defendants admit the allegations contained in Paragraph 168, and affirmatively state that accessible absentee ballots enabling absentee voting at home are currently available to New York voters who request them.

59.     Defendants deny the allegations contained in Paragraphs 169-172.

**AS TO THE PRAYER FOR RELIEF**

60.     State Defendants deny that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief. To the extent any allegation asserted in the Complaint has not been responded to above, Defendants deny said allegation.

**AS AND FOR A FIRST DEFENSE**

61.     This Court lacks subject matter jurisdiction over some or all of the claims alleged against Defendants. The Complaint is barred by state sovereign immunity and/or the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SECOND DEFENSE**

62.     The claims alleged against Defendants in this action are barred on ripeness, mootness, lack of a case and controversy, and/or other justiciability grounds.

**AS AND FOR A THIRD DEFENSE**

63.     The Complaint, in whole or in part, fails to state a claim against Defendants for

which relief can be granted.

## AS AND FOR A FOURTH DEFENSE

64.      Some or all of the Plaintiffs in this action lack standing to assert some or all of

their alleged claims against Defendants and/or to seek some or all of the relief sought in the

Complaint.

## AS AND FOR A FIFTH DEFENSE

65.      The Complaint must be dismissed, in whole or in part, because the

relief Plaintiffs seek would not be a reasonable accommodation and would constitute a

fundamental alteration of Defendants' programs, services and/or activities, and/or would impose

undue financial and administrative burdens and/or undue hardship upon Defendants.

## AS AND FOR A SIXTH DEFENSE

66.      The actions of Defendants did not proximately cause any or all of the

deprivations, losses, harm, injuries, or damages of which Plaintiffs in this action complain. The

deprivations, injuries, harm, losses, or damages allegedly sustained by any or all of Plaintiffs in

this action were caused in whole or in part by the conduct of Plaintiffs and/or other agents of

Plaintiffs and/or one or more other parties or entities for whose conduct Defendants are not

responsible.

## AS AND FOR A SEVENTH DEFENSE

67.   Defendants properly performed and discharged all of their obligations under the

ADA, Rehabilitation Act, and all applicable rules and regulations thereunder.

## AS AND FOR AN EIGHTH DEFENSE

68.   Some or all of the relief requested as against some or all of Defendants is not

available under the applicable statutes and causes of action.

## AS AND FOR A NINTH DEFENSE

69.  The Complaint fails to allege an adequate basis upon which Plaintiffs could recover costs, expenses, and/or attorneys' fees as against Defendants.

## AS AND FOR A TENTH DEFENSE

70.  Plaintiffs have failed to name one or more necessary parties as defendants.

## AS AND FOR AN ELEVENTH DEFENSE

71.  The alleged conduct was properly within the discretionary authority committed to Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR A TWELFTH DEFENSE

72.  All of the decisions made by Defendants and actions taken by Defendants were made or taken for legitimate, non-discriminatory reasons.

## AS AND FOR A THIRTEENTH DEFENSE

73.  All of the decisions made by Defendants and actions taken by Defendants were made or taken for reasons other than discriminatory animus or ill will towards the disabled.

## AS AND FOR A FOURTEENTH DEFENSE

74. The Complaint must be dismissed, in whole or in part, because some or all of the claims fail to present a redressable injury.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint in

its entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 16, 2020

                                        Respectfully submitted,

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        *Attorney for Defendants*
                                        By:
                                                /s/
                                        SETH J. FARBER
                                        Assistant Attorney General
                                        28 Liberty Street
                                        New York, New York 10005
                                        (212) 416-8029
                                        Seth.farber@ag.ny.gov