


# DISABILITY RIGHTS NEW YORK

 www.drny.org    mail@drny.org     518-432-7861

August 19, 2020

Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Hernandez et al. v. New York State Board of Elections et al.*, Docket No. 20-cv-4003

Dear Judge Liman:

    Plaintiffs respectfully submit this letter in response to Defendants' Proposed Order Denying the Motion for Preliminary Injunction (ECF 105). Plaintiffs have identified a number of errors and oversights in Defendants' Proposed Order that will make the implementation of accessible absentee voting in time for the November election ineffective, and contrary to the fundamentals of this Court's order. Defendants propose the same vague plan they referenced at the hearing with no further reassurance of effective or complete implementation, quality control, consistency or oversight.

    First, the Proposed Order does not identify any process for quality control. Without a concrete process for overseeing the implementation of their accessible pdf proposal, specifically the testing of the accessibility features and compatibility for both electronic request forms and absentee ballots, Defendants will repeat the same errors they made in the June primary. However, these errors will be on an even broader scale, given the anticipated high voter turnout for the General Election. Defendants should be required to identify and utilize a quality control oversight process in their accessible pdf plan.

    Second, Defendants' proposed system fails to ensure effective communication for absentee voters with disabilities. Defendants agreed to ensure ballots are accessible, but identify only three of the nine most widely used screen readers. Defendants should at minimum be required to ensure each accessible absentee ballot works with the most commonly used screen reader technologies in order to reach an effective communication standard. *See* Exhibit A.

    Third, Defendants' proposed order expressly precludes counties outside of New York City from implementing a Remote Accessible Vote-by-Mail ("RAVBM") system, despite the permissions granted pursuant to Gov. Cuomo's Executive Order 202. Defendants' Proposed Order provides "[a]n "Accessible Absentee Ballot" may also include, <u>for a board of elections that provided an accessible ballot in a web-based format</u> (such as a fillable HTML) for the June 23, 2020 election, the use of the same such accessible ballot in a web-based format for the November 3, 2020 General Election…." Counties other than New York City – the only county that utilized Democracy Live's web-based format for its accessible absentee ballot in June –

ALBANY
725 Broadway, Suite 450
Albany, NY 12207-5001

BROOKLYN
25 Chapel St, Suite 1005
Brooklyn, NY 11201

ROCHESTER
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

should have the option of contracting with Democracy Live or another RAVBM vendor for the November election, at the County's discretion. This is particularly important for the counties that, like New York City, use the ES&S voting system, which Mr. Connolly recognized, allows direct importation of ballot data into Democracy Live's RAVBM and would likely be easier for them to implement than a pdf system. Transcript of August 13, 2020 hearing at 64:8-15.

In an effort to facilitate the Court's order that the parties meet and confer regarding needed improvements to Defendants' plan, Plaintiffs on August 17 wrote to Defendants outlining proposed improvements. Plaintiffs' letter, attached as Exhibit A, provides a roadmap of recommendations that will, if implemented, substantially mitigate the inadequacies of Defendants' proposal. Unlike Defendants' proposal, Plaintiffs' letter contains specific, detailed, and concrete steps to provide a system of oversight and quality control that is entirely absent from Defendants' proposal. However, Defendants largely ignored those recommendations.

Lastly, Plaintiffs would be remiss not to identify Defendants' mischaracterization of the Order on the Preliminary Injunction Motion. While this Court did not grant Plaintiffs' specific request as to relief, it did order Defendants to implement a system to ensure its absentee voting program is accessible in November. Plaintiffs filed this motion because Defendants refused to implement a system in time for the November election. Absent Plaintiffs' Second PI Motion, and this Court's Order, Plaintiffs would not be able to vote accessibly using an absentee ballot.

For the forgoing reasons, Plaintiffs respectfully request the Court reject Defendants' Proposed Order or amend it to include the recommendations proposed by Plaintiffs to improve implementation of an accessible absentee voting program for the November election. Plaintiffs also request this Court clarify its Decision and Order as to whether it granted Plaintiffs' Second PI Motion, denying Plaintiffs' specific remedy and Ordering a remedy proposed by Defendants.

Plaintiffs appreciate this Court's ongoing consideration to ensure they can effectively vote in the November 3, 2020 General Election.

Sincerely,

/s/ Amanda B. Pearlstein

Amanda B. Pearlstein
Co-counsel for Plaintiffs

ALBANY
725 Broadway, Suite 450
Albany, NY 12207-5001

BROOKLYN
25 Chapel St, Suite 1005
Brooklyn, NY 11201

ROCHESTER
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982