UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE HERNANDEZ; KEITH GURGUI; RASHETA BUNTING; KAREN LUXTON GOURGEY, ED.D; DISABILITY RIGHTS NEW YORK; NATIONAL FEDERATION OF THE BLIND OF NEW YORK STATE, INC.; AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC.; and CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK,

          Plaintiffs,

-against-

THE NEW YORK STATE BOARD OF ELECTIONS, DOUGLAS A. KELLNER, Co-Chair and Commissioner, ANDREW SPANO, Commissioner, PETER S. KOSINSKI, Co-Chair and Commissioner, TODD D. VALENTINE, Co-Executive Director, and ROBERT A. BREHM, Co-Executive Director, in their official capacities at the New York State Board of Elections

          Defendants.

**ORDER**

Case No. 1:20-cv-04003-LJL

  WHEREAS, Plaintiffs having moved for a preliminary injunction requiring defendants the New York State Board of Elections ("NYS BOE") and, in their official capacities, its Commissioners and Co-Executive Directors (together with the NYS BOE, "Defendants") "to implement an effective and purpose-built Remote Accessible Vote-by-Mail ("RAVBM") system for use across New York State for the November 3, 2020 [general] election," (ECF No. 55); and

  WHEREAS, the Court having duly considered all of the submissions in support of and in opposition to the motion, the argument of counsel, and the testimony and evidence offered at the hearing before the Court on August 13, 2020, and having issued its Opinion and Order (ECF No. 100) on August 14, 2020 (the "August 14th Opinion and Order"); and

  WHEREAS, Defendants have made both written and oral representations regarding the implementation of an accessible absentee voting system for the November 3, 2020 general

1

election;

NOW, THEREFORE, as set forth in the August 14th Opinion and Order, IT IS ORDERED that Plaintiffs' motion for preliminary injunction (ECF No. 55) IS DENIED, and

IT IS FURTHER ORDERED as follows:

1. Defendants shall instruct county boards of elections to provide, by email, an accessible fillable PDF absentee ballot (an "Accessible Absentee Ballot") to voters who have a disability that prevents them from privately and independently using a non-accessible paper absentee ballot, upon the request of said voters. For purposes of this Order, an Accessible Absentee Ballot shall mean a ballot that is screen readable using common assistive technology, such as Job Access with Speech ("JAWS") software, Apple VoiceOver, and Android TalkBack, which shall include insertion of tags and fillable objects so that it can be completed independently and privately by the requesting individual using standard, accessible technology, namely a screen reader program. The Accessible Absentee Ballot shall meet WCAG 2.0 AA standards for a PDF. An "Accessible Absentee Ballot" may also include, for a board of elections that provided an accessible ballot in a web-based format (such as a fillable HTML) for the June 23, 2020 election, the use of the same such accessible ballot in a web-based format for the November 3, 2020 General Election, subject to consultation with the NYS BOE Technology and Election Operations staff and satisfactorily addressing any issues with such accessible ballot in a web-based format, if any.

2. Defendants shall announce this Accessible Absentee Ballot program for the November 3, 2020 general election in a press release and on the NYS BOE website on or before Wednesday, September 2, 2020.

3. Defendants shall issue written mandatory instructions on or before Thursday,

September 3, 2020 that comprehensively instruct county boards of elections how to: (a) provide the Accessible Absentee Ballot request form on their respective websites; (b) process Accessible Absentee Ballot requests; and (c) deliver Accessible Absentee Ballots to voters and receive Accessible Absentee Ballots from voters.

4.  Defendants shall direct the county boards of elections that voters may submit an electronic request for an Accessible Absentee Ballot at any time up until October 27, 2020, seven (7) days prior to the November 3, 2020 general election, or such other deadline as may be provided by either subsequent legislation or Governor's Executive Order.

5.  Defendants shall direct county boards of elections that ballots shall be made accessible when created and not only upon request by a voter. Defendants shall further instruct county boards of elections to make an Accessible Absentee Ballot available to the voter "as soon as practicable" upon the voter's request, pursuant to N.Y. Election Law § 8-406, and that upon receipt of a voter's request for an Accessible Absentee Ballot, county boards of elections or their agents will provide the voter, via email, with an Accessible Absentee Ballot as defined above.

6.  Defendants shall instruct the county boards of elections that an Accessible Absentee Ballot will be accompanied with accessible instructions on how to return the ballot, including instructions to place the ballot in an envelope and sign the back of the envelope. Defendants shall also direct the county boards of elections to provide an envelope template approved by the NYS BOE that can be printed, by email, to all voters who request an Accessible Absentee Ballot. To the extent practicable, the Accessible Absentee Ballot and electronically provided envelopes shall be in the same general form as provided to Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") voters.

7.  Defendants shall instruct county boards of elections to provide the voter with a

pre-paid postage return envelope for the return of the ballot, that such envelopes shall be mailed to the voter making the request not later than the next business day following the confirmation of the voter's eligibility to vote in the November 3, 2020 general election, and that voters requesting an Accessible Absentee Ballot must promptly be informed of this.

8. Defendants shall direct the county boards of elections to require each ballot style with a different ballot configuration to be made accessible at its creation, using only those vendors that have been determined by NYS BOE to have the required technical ability and capacity to make election ballots properly and fully accessible. Defendants shall direct the county boards of elections that these vendors are to be provided instructions as to the associations that need to be made in an Accessible Absentee Ballot and the county boards of elections will obtain a certification from such vendor evidencing remediation. Any such vendors being engaged for this remediation process shall be provided with ballot data by the county boards of elections within two business days of the creation of ballots.

9. Defendants shall direct the county boards of elections that voters may submit an Accessible Absentee Ballot request form via United States mail, fax or email, and that if a county board of elections or NYS BOE chooses to create a web-based interface for absentee ballot requests that includes the accessibility component, such format shall also be acceptable. Defendants shall also direct the county boards of elections that a typed or electronic signature is an acceptable signature on the absentee ballot request form. Defendants shall further instruct the county boards of elections that the form of the Accessible Absentee Ballot application shall be consistent with the form promulgated by NYS BOE, which shall be substantially the same as such form promulgated for the June 23, 2020 primary election.

10. Defendants shall make available the form to request an Accessible Absentee

Ballot and instructions for submitting the same or otherwise requesting an Accessible Absentee Ballot on the NYS BOE website in an accessible format no later than September 3, 2020. The Accessible Absentee Ballot application form and instructions shall be made available on the front page of the NYS BOE website, as well as in the "Absentee Voting" and "Meeting Voter Access Needs" sections of the NYS BOE website. Defendants shall direct the county boards of elections to make the Accessible Absentee Ballot application available on their own websites.

11. Defendants shall instruct the county boards of elections to accept a signature anywhere on the absentee ballot envelope, and that the attestation on the accessible ballot oath envelope will be the same as the paper ballot oath envelope.

12. Defendants shall instruct the county boards of elections to include in their instructions to voters that, upon completion of the ballot, the voter may return the printed Accessible Absentee Ballot using the United States Postal Service or by hand delivery to the county board of elections or to any early voting site or election day poll site in the voter's county, and that submission deadlines for Accessible Absentee Ballots shall be the same as for other paper absentee ballots.

13. Defendants shall instruct the county boards of election that any Accessible Absentee Ballot requested, completed, and returned pursuant to this Order shall be canvassed in accordance with the provisions of the N.Y. Election Law.

14. Within ten (10) days after the November 3, 2020 general election is certified, Defendants shall publish a publicly-available report containing the following information: (a) the number of individuals who requested an Accessible Absentee Ballot; (b) the number of individuals who were provided an Accessible Absentee Ballot; (c) the number of individuals who returned an Accessible Absentee Ballot; and (d) descriptions of any complaints or feedback

received from voters regarding Accessible Absentee Ballots and descriptions of how any complaints were resolved.

Dated: New York New York
      August  19 , 2020

                                        Lewis J. Liman
                                        United States District Judge