

# DISABILITY RIGHTS NEW YORK

🌐 www.drny.org   ✉ mail@drny.org   📞 518-432-7861

August 19, 2020

> Application DENIED.  The Court has found that Plaintiffs failed to make a showing that Defendants need to do more than what they represented they would do at oral argument, and what they have stated they will do in the proposed injunction order, to be in compliance with the ADA and Rehabilitation Act.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (explaining courts' obligation to fashion injunctive relief that is "no broader than necessary to cure the effects of the harm caused by the violation").
>
> 8/19/2020
>
> LEWIS J. LIMAN
> United States District Judge

Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Hernandez et al. v. New York State Board of Elections et al.*, Docket No. 20-cv-4003

Dear Judge Liman:

    Plaintiffs respectfully submit this letter in response to Defendants' Proposed Order Denying the Motion for Preliminary Injunction (ECF 105). Plaintiffs have identified a number of errors and oversights in Defendants' Proposed Order that will make the implementation of accessible absentee voting in time for the November election ineffective, and contrary to the fundamentals of this Court's order. Defendants propose the same vague plan they referenced at the hearing with no further reassurance of effective or complete implementation, quality control, consistency or oversight.

    First, the Proposed Order does not identify any process for quality control. Without a concrete process for overseeing the implementation of their accessible pdf proposal, specifically the testing of the accessibility features and compatibility for both electronic request forms and absentee ballots, Defendants will repeat the same errors they made in the June primary. However, these errors will be on an even broader scale, given the anticipated high voter turnout for the General Election. Defendants should be required to identify and utilize a quality control oversight process in their accessible pdf plan.

    Second, Defendants' proposed system fails to ensure effective communication for absentee voters with disabilities. Defendants agreed to ensure ballots are accessible, but identify only three of the nine most widely used screen readers. Defendants should at minimum be required to ensure each accessible absentee ballot works with the most commonly used screen reader technologies in order to reach an effective communication standard. *See* Exhibit A.

    Third, Defendants' proposed order expressly precludes counties outside of New York City from implementing a Remote Accessible Vote-by-Mail ("RAVBM") system, despite the permissions granted pursuant to Gov. Cuomo's Executive Order 202. Defendants' Proposed Order provides "[a]n "Accessible Absentee Ballot" may also include, <u>for a board of elections that provided an accessible ballot in a web-based format</u> (such as a fillable HTML) for the June 23, 2020 election, the use of the same such accessible ballot in a web-based format for the November 3, 2020 General Election…." Counties other than New York City –  the only county that utilized Democracy Live's web-based format for its accessible absentee ballot in June –

---

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

should have the option of contracting with Democracy Live or another RAVBM vendor for the November election, at the County's discretion. This is particularly important for the counties that, like New York City, use the ES&S voting system, which Mr. Connolly recognized, allows direct importation of ballot data into Democracy Live's RAVBM and would likely be easier for them to implement than a pdf system. Transcript of August 13, 2020 hearing at 64:8-15.

In an effort to facilitate the Court's order that the parties meet and confer regarding needed improvements to Defendants' plan, Plaintiffs on August 17 wrote to Defendants outlining proposed improvements. Plaintiffs' letter, attached as Exhibit A, provides a roadmap of recommendations that will, if implemented, substantially mitigate the inadequacies of Defendants' proposal. Unlike Defendants' proposal, Plaintiffs' letter contains specific, detailed, and concrete steps to provide a system of oversight and quality control that is entirely absent from Defendants' proposal. However, Defendants largely ignored those recommendations.

Lastly, Plaintiffs would be remiss not to identify Defendants' mischaracterization of the Order on the Preliminary Injunction Motion. While this Court did not grant Plaintiffs' specific request as to relief, it did order Defendants to implement a system to ensure its absentee voting program is accessible in November. Plaintiffs filed this motion because Defendants refused to implement a system in time for the November election. Absent Plaintiffs' Second PI Motion, and this Court's Order, Plaintiffs would not be able to vote accessibly using an absentee ballot.

For the forgoing reasons, Plaintiffs respectfully request the Court reject Defendants' Proposed Order or amend it to include the recommendations proposed by Plaintiffs to improve implementation of an accessible absentee voting program for the November election. Plaintiffs also request this Court clarify its Decision and Order as to whether it granted Plaintiffs' Second PI Motion, denying Plaintiffs' specific remedy and Ordering a remedy proposed by Defendants.

Plaintiffs appreciate this Court's ongoing consideration to ensure they can effectively vote in the November 3, 2020 General Election.

Sincerely,

_____/s/ Amanda B. Pearlstein_____

Amanda B. Pearlstein
Co-counsel for Plaintiffs

ALBANY
725 Broadway, Suite 450
Albany, NY 12207-5001

BROOKLYN
25 Chapel St, Suite 1005
Brooklyn, NY 11201

ROCHESTER
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

# Exhibit A



# DISABILITY RIGHTS NEW YORK

 www.drny.org   mail@drny.org   518-432-7861

August 17, 2020

Seth Farber, Esq.
Via email Seth.Farber@ag.ny.gov

Re: *Hernandez et al. v. New York State Board of Elections et al.*, Docket No. 20-cv-4003

Dear Attorney Farber,

In response to Judge Liman's Order on August 14, 2020 (ECF 100), please see Plaintiffs' outline below. Plaintiffs propose including these measures in Defendants' proposed Preliminary Injunction Order.

**Proposed Improvements to NYS BOE's PDF Accessible Absentee Ballot System:**
- Allow NYC to continue to use Democracy Live for November.
- Allow all counties to use Democracy Live or another RAVBM system if they choose.
- Ensure the accessible absentee ballot request application is compatible with the screen readers listed below. This shall include resolving the issue where NYC's in-house HTML absentee ballot request forms were submitted by voters only for the NYC BOE to receive blank forms.
- Accept typed or electronic signatures on absentee ballot request forms.
- Ensure the accessible ballot request form is available on the state's website and each CBOE website.
- Retain an expert, suggested by Defendants to be Level Access, to develop a quality control plan to test each accessible absentee ballot with the following screen reader technology:
    - JAWS
    - NVDA
    - Apple Voiceover
    - Android Talkback
    - ZoomText
    - Microsoft Narrator
    - System Access
    - WindowEyes
    - Dragon Naturally Speaking

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

- Require the quality control vendor Defendants identify (i.e. Level Access) to engage users with disabilities who use the relevant screen reader technologies to test accessibility, including proper reading order and associations (i.e. between candidate and checkbox, candidate and office, and candidate and other associations) and require vendor to follow up on and resolve all problems identified by user testers.
- Provide detailed instructions and deadlines for CBOEs on or before August 21, 2020, including but not limited to:
    - Deadline for securing a PDF vendor;
    - Deadline to submit PDF ballots for remediation; and
    - Deadlines to submit electronic ballots to voters after receipt of accessible absentee ballot request.
- Ensure all accessible absentee ballots are remediated and tested on or before September 18, 2020.
- Improved communications and training of CBOEs, including:
    - By August 21, 2020, issue mandatory instruction to CBOEs to prepare and select a remediation vendor immediately;
    - Mandatory meeting with CBOEs regarding implementation of the pdf accessibility process and plan, deadlines, and remediation vendors (allow Plaintiffs' counsel to listen or provide transcript);
    - Check-in meetings with all CBOEs to assess progress and resolve problems held at least twice a month leading up to November 3, 2020. (Allow Plaintiffs' counsel to listen or provide transcript).
- Hire outside consultant(s) to review and comment in writing on:
    - Qualifications of remediation vendors
    - Voter communications
    - CBOE communications, instructions, and training
    - Vendor quality control plan
- Mandatory training for remediation vendors regarding quality control, testing, and ensuring the accessible pdf ballots function properly as ballots (e.g., reading order).
- Assign state staff to respond/facilitate response to problems with the absentee ballot system in place for November, made available to Plaintiffs and on the NYS BOE website.
- Improve communications with voters so that voters understand the statewide process to request an accessible absentee ballot and know what to expect from their respective CBOE.
- Provide pre-addressed return envelopes by mail to people who request absentee ballots with tactile indications (e.g., hole punch) so voters can identify that it is not regular mail and identify which is the Oath envelope and which is the return envelope.
    - When the accessible ballot is emailed, include via email accessible instructions for mailing, the text of the declaration, a description of the tactile indicator of the envelope package and description of which envelope is which (Oath envelope and

- return envelope), and contact information for the CBOE and the state staff assigned to resolve/facilitate resolution of problems;
    - Ensure that voters receive return envelopes that are sufficiently larger than the Oath envelopes;
    - Punch holes on either side of the signature lines on voters' Oath envelopes to better guide blind voters to sign in the appropriate space and to protect their privacy (tactile indicator);
    - Ensure that CBOE staff accept accessible absentee ballots, including allowing voters' signature anywhere on the Oath envelope;
    - Also include with the accessible electronic ballot an electronic envelope template that can be printed and assembled by the voter
    - Ensure the declaration on the Oath envelope for accessible ballots is the same as the Oath envelope for paper ballots
- Require that the deadlines to request and return accessible absentee ballots be the same as for paper absentee ballots.
- Weekly reporting to Plaintiffs and the Court on progress, including:
    - Provide the list of all pdf accessibility remediation vendors approved by the state and which are used by each CBOE
    - Provide copies of all written instructions, meeting minutes/transcripts, training transcripts, and training materials; and
    - Provide updated numbers on ballot remediation per county, problems encountered, ballots requested per county, ballots provided per county, and ballots returned per county.
- Provide post-election reporting to Plaintiffs and the public 45 days after the election, with the following data organized by county:
    - # of ballot styles (per county)
    - # of ballot styles remediated (per county)
    - # of accessible absentee ballots requested (per county)
    - # of ballot styles implicate by requests for accessible absentee ballots (per county)
    - # of accessible absentee ballots provided (and reasons why not) (per county)
    - # of accessible absentee ballots returned (and reasons why not, if known) (per county)
    - # of ballot styles within count of accessible absentee ballots returned
    - # and description of complaints and questions received by each CBOE (including details – what ballot, what the problem was, identity of the complainant, and the CBOE's response)
    - Results of all quality control measures implemented per county, all ballot accessibility testing performed on each ballot, all measures taken to address the results of such testing, and results of follow-up testing
- Instruction to all vendors to retain all documentation related to remediating ballots for the November 3, 2020 election.

ALBANY
725 Broadway, Suite 450
Albany, NY 12207-5001

BROOKLYN
25 Chapel St, Suite 1005
Brooklyn, NY 11201

ROCHESTER
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: 518-512-3448
Fax: 518-427-6561
Toll Free: 1-800-993-8982

Thank you for considering these measures, and for your commitment to making the Absentee Voting Program as accessible as possible for Plaintiffs and other voters with print disabilities in the upcoming General Election. We appreciate your work and dedication.

Sincerely,

*Christina Asbee*

Christina Asbee
Co-counsel for Plaintiffs

ALBANY
725 Broadway, Suite 450
Albany, NY 12207-5001

BROOKLYN
25 Chapel St, Suite 1005
Brooklyn, NY 11201

ROCHESTER
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**